IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                                CASE NO. 1:22-cv-58-MW-GRJ

BOARD OF IMMIGRATION APPEALS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's response, ECF No. 7, to this Court's order that Plaintiff show cause why this case should not be dismissed for lack of subject matter jurisdiction, for failure to exhaust administrative remedies, and for failure to state a claim upon which relief may be granted, ECF No. 6. Plaintiff's response, like his Complaint, ECF No. 1, is unintelligible. Additionally, Plaintiff has still not cured the deficiencies in his motion for leave to proceed as a pauper or paid the $402.00 filing fee as ordered by the Court, ECF No. 5.[1]

---

[1] This is the third lawsuit Plaintiff has filed in this Division in the past few weeks, none of which states a claim. Moreover, Plaintiff has not paid the $402 filing fee in any of the cases. *See Emrit v. St. Thomas Univ. Law School et al.*, Case No. 1:22-cv-48-MW-GRJ (N.D. Fla. 2022); *Emrit v. CIA, et al.*, Case No. 1:22-cv-57-MW-GRJ (N.D. Fla 2022).

In the Complaint, Plaintiff seeks "the equitable remedy of an injunction or specific performance mandating that the five governmental defendants provide assistance to the plaintiff regarding him obtaining a fiancé or K-1 visa for his fiancé 'Mary from Karkov, Ukraine' in addition to airfare from Cheapo Air such that Mary can obtain refugee status and/or political asylum because of the emergency of the war in Ukraine and a broad interpretation of *stare decisis* in Miller v. United States."[2] *See* ECF No. 1 at 11.  In response to the Court's Show Cause Order, Plaintiff says the following:

> 1.) The world can not stand by while Vladimir Putin uses chemical, biological, and perhaps nuclear weapons on the Ukranian people in a genocide comparable to the Turkish genocide of Armenia and/or The Holocaust….
>
> 2.) With that being said, time is of the essence in the sense that the Ukranian people can not wait on Nancy Pelosi and Congress to pass legislation….
>
> 3.) Time is also of the essence in the sense that the Ukranian people can not wait on President Joe Biden to issue an executive order when he has already declined to render a "no Fly Zone" over Ukraine….
>
> 4.) As such, the federal judges have a moral obligation to help the Ukranian people in a class action lawsuit….

---

[2] The Court assumes that Plaintiff is referring to *Miller v. Albright*, 523 U.S. 420 (1998), a case in which the Supreme Court upheld the validity of laws relating to U.S. citizenship at birth for children born outside of the United States, out of wedlock, to an American parent.

> 5.) To clarify, federal judges… have a moral obligation to help the Ukranian people by issuing a (sic) order that allows every Ukranian refugee to become a legal permanent resident and/or American citizen effective immediately as they have well-founded fear of persecution seeking refuge from Vladimir Putin (citing Miller v. Albright).

As is plain from these assertions, Plaintiff requests the Court to order relief the Court does not authority to grant. Regardless of the authority of the Court the fact remains that even assuming the Plaintiff had asserted valid claims (which he has not) the Court does not have jurisdiction over Plaintiff's claims.  And because the deficiencies in Plaintiff's Complaint cannot be cured the claims should be dismissed with prejudice.  Therefore, for the reasons explained below, this case should be dismissed with prejudice.

A fundamental problem with the Complaint is that the allegations having nothing to do with Gainesville or the Northern District of Florida. Plaintiff lives in Sarasota, Florida (Middle District of Florida), and the primary Defendant, Bureau of Immigration Appeals ("BIA") is located in the District of Columbia. Moreover, the subject of the Complaint, Plaintiff's alleged fiancé, resides in the Ukraine.

In addition to the complete lack of connection to this district, liberally construed, Plaintiff' complaint purports to assert a claim for asylum on

behalf of his fiancé who resides in the Ukraine.  The United States District Court for the Northern District of Florida, however, is not the proper forum to bring a claim for asylum.

"The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a 'refugee.'"  *Hong Chen v. U.S. Attorney Gen'l*, 231 F. App'x 900, 902 (11th Cir. 2007) (per curiam) (*citing* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1)).  The asylum applicant carries the burden of proving statutory "refugee" status. *Al–Najjar v. Ashcroft,* 257 F.3d 1262, 1284 (11th Cir. 2001).  To carry this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); *Al–Najjar,* 257 F.3d at 1287.  In this case, Plaintiff makes no allegation that he or anyone else has applied for asylum nor has he alleged facts to suggest that the Defendant, Bureau of Immigration Appeals ("BIA"), has considered and denied any application for asylum. *See* ECF No. 1 at 5-7.

Notably, Plaintiff alleges that his fiancé Mary is still in the Ukraine. The statute governing asylum, however, requires an alien's physical presence in the United States:

> Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 235(b) [8 USCS § 1225].

8 U.S.C. § 1158(a). *See* U.S. Customs & Immigration Servs., "Obtaining Asylum in the United States" at https://uscis.gov ("To obtain asylum… [one] must be physically present in the United States."). And even though Plaintiff's fiancé is not in the United States, even if she were, the asylum statute does not provide a private right of action:

> No private right of action. Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1158(d)(7).

Finally, Plaintiff has not alleged he has followed the required procedures for applying for asylum. The Attorney General has set forth specific procedures that must be followed when applying for asylum. *See* 8 C.F.R. § 208.1-29. Plaintiff has not alleged that he has complied with this process. "The rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies." *Amaya-Artunduaga v. Attorney Gen'l*, 463 F. 3d 1247, 1250 (11th Cir. 2006) (citation omitted). For all these reasons, this lawsuit is not properly before the Court.

Accordingly, in view of the above, the undersigned respectfully **RECOMMENDS** that this case should be **DISMISSED with prejudice** for lack of subject matter jurisdiction, for failure to exhaust administrative remedies, and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** in Gainesville, Florida this 25th day of March 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PLAINTIFF

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, Plaintiff waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.